JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
JORGE "COCO" PADILLA
Nevada Bar No. 16295
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
 *JDunn@GGTrialLaw.com*
 *MHale@GGTrialLaw.com*
 *JPadilla@GGTrialLaw.com*

*Attorneys for Plaintiff*
*Jennifer Regan*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JENNIFER REGAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC, a Delaware<br>limited liability company,<br><br>Defendant. | Case No.: 2:26-cv-01257-GMN-EJY<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SUBMITTED IN COMPLIANCE WITH LR 26-1(b)** |

## STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 26(f) and LR 26-1, Plaintiff Jennifer Regan ("Plaintiff"), by and through her counsel of record, Greenberg Gross LLP, and Defendant Amazon.com Services LLC ("Defendant"), by and through its counsel of record, Greenberg Traurig, LLP, hereby stipulate to the following Discovery Plan and Scheduling Order.

1.    **Initial Disclosures:** The parties participated in the scheduling conference pursuant to Fed. R. Civ. P. 26(f) on **June 24, 2026**. The parties shall exchange initial disclosures pursuant to

-1-

Fed. R. Civ. P. 26(a)(1) no later than twenty-one (21) days after the Rule 26(f) conference, which will be **July 15, 2026**. Aside from timing, the parties do not believe that any changes are necessary as to the form or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

2. **Discovery Cut-Off Date(s):** The last day of discovery shall be **December 15, 2026**, which is 180 days from the date Defendant filed its Answer to Plaintiff's Complaint, **June 18, 2026**.

3. **Amending the Pleadings and Adding Parties:** The parties shall have until **September 16, 2026**, which is ninety (90) days before the discovery cut-off date, to file any motions to amend the pleadings or to add parties.

4. **Fed. R. Civ. P. 26(a)(2) Disclosures (Experts):** The disclosure of any initial expert witnesses shall be made by **October 16, 2026**, which is sixty (60) days before the discovery deadline. The disclosures of any rebuttal experts shall be made by **November 16, 2026**, which is thirty-one (31) days (as the 30th day falls on Sunday, November 15, 2026, a non-judicial day) after the initial disclosure of experts.

5. **Dispositive Motions:** Dispositive motions may be filed no later than **January 14, 2027**, which is thirty (30) days after the discovery deadline. In the event that the discovery period is extended from the discovery cut-off date set forth in this Joint Discovery Plan and Scheduling Order, the date for filing dispositive motions shall be extended for the same duration, to be no later than thirty (30) days after the extended discovery deadline.

6. **Pretrial Order:** If no dispositive motions are filed, the Joint Pretrial Order shall be filed by **February 16, 2027**, which is thirty-three (33) days (as the 30th day falls on Saturday, February 13, 2027, a non-judicial day, and February 15, 2027 is Presidents' Day, a federal holiday) after the deadline for filing dispositive motions. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after the decision of the dispositive motions or until further order of the Court.

7. **Fed. R. Civ. P. 26(a)(3) Disclosures:** The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the pretrial order. Extensions or Modifications of the Discovery Plan and Scheduling Order: In accordance with Local Rule 26-3, a

STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER

stipulation or motion for modification or extension of this discovery plan and scheduling order and any deadline contained herein must be made not later than twenty-one (21) days before the subject deadline.

8.    **Electronic Filing and Service:** The parties' attorneys of record in this matter are registered users with the Court's electronic filing system and as such, consent to electronic service of all documents and things electronically filed with the Court, except for pleadings and other documents set forth in Fed. R. Civ. P. 4. For documents and things that are not filed with the Court, the parties, in accordance with Fed. R. Civ. P. 5(b)(2)(F), each consent to electronic service of the same as follows: for Plaintiff, service shall be made by email to JPadilla@GGTrialLaw.com, JDunn@GGTrialLaw.com, and MHale@GGTrialLaw.com; and for Defendant, service shall be made by email to Jason.Hicks@gtlaw.com, kerry.kleiman@gtlaw.com, Lilian.Alexandrova@gtlaw.com, Monica.Rivera@gtlaw.com, JavieAnne.Bauer@gtlaw.com, and rosehilla@gtlaw.com.

9.    **Electronically Stored Information:** The parties do not at this time anticipate any issues regarding disclosures, discovery or preservation of electronically stored information ("ESI"), if any, including the form or forms in which it should be produced. The parties anticipate that evidence will be presented to jurors at trial in electronic format. As such, the parties will endeavor to produce all documents in a format compatible with the Court's electronic jury evidence display system. The parties agree that ESI can be produced or presented at trial in a readable image (e.g., .pdf or .tiff) file, while reserving the right to thereafter seek production of the ESI in native format if necessary and to the extent readable images are insufficient in establishing any claims or defenses. If a party later requests the ESI be produced in its native format and/or as a forensic copy, the parties agree to meet and confer to determine the parameters of the production and to produce according to the Federal Rules of Civil Procedure. The parties shall work in good faith with respect to the production and presentation of ESI at trial.

10.    **Privileged or Protected Documents:** The parties agree to be bound by Fed. R. Evid. 502 regarding the disclosure of privileged material or work product. Further, the parties

STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER

acknowledge and agree that while each is taking reasonable steps to identify and prevent disclosure of any document which they believe is privileged, there is a possibility that certain privileged material may be produced inadvertently. Accordingly, the Parties agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney work product doctrine or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document may promptly notify the requesting party that such document was inadvertently produced and should have been withheld. Once the producing party provides such notice to the requesting party, the requesting party must promptly return the specified document(s) and any copies thereof. By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege.

11. **Alternative Dispute Resolution:** In compliance with Local Rule 26-1(b)(7), the parties certify that they met and conferred about the possibility of using alternative dispute resolution processes including mediation, arbitration, and early neutral evaluation. The parties have not agreed to a form of alternative dispute resolution at this time other than participating in the Early Neutral Evaluation scheduled in this case.

12. **Alternative Forms of Case Disposition:** In compliance with 28 U.S.C. § 636(c) and Local Rule 26-1(b)(8), the parties have considered consenting to the assigned Magistrate Judge, as well as the Short Trial Program, but do not consent to trial by the magistrate judge or to the use of the Short Trial Program at this time.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

-4-

STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER

13.     **Electronic Evidence Certification:**  Pursuant to LR 26-1(b)(9), the parties certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties have not reached any stipulations at this time regarding providing discovery in an electronic format compatible with the Court's electronic jury evidence display system.

Dated this 24th day of June, 2026.

| | |
|---|---|
| /s/Coco Padilla | /s/Kerry Kleiman |
| JEMMA E. DUNN | JASON K. HICKS |
| Nevada Bar No. 16229 | Nevada Bar No. 13149 |
| MATTHEW T. HALE | KERRY E. KLEIMAN |
| Nevada Bar No. 16880 | Nevada Bar No. 14071 |
| JORGE "COCO" PADILLA | LILIAN ALEXANDROVA |
| Nevada Bar No. 16295 | (*pro hac vice* application forthcoming) |
| GREENBERG GROSS LLP | GREENBERG TRAURIG, LLP |
| 1980 Festival Plaza Drive, Suite 730 | 10845 Griffith Peak Drive, Suite 600 |
| Las Vegas, Nevada 89135 | Las Vegas, Nevada 89135 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

**ORDER**

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: June 24, 2026

-5-

STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER